**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**JOY MACK, and
Others So Affected**                                             **PLAINTIFF**

**V.**                                                          **CIVIL ACTION NO. 1:23-CV-13-GHD-DAS**

**UNITED STATES OF AMERICA.,
U. S. DEPARTMENT OF JUSTICE,
U.S. ATTORNEY GENERAL MERRICK B. GARLAND,
H.H.S. OFFICE FOR HUMAN RESEARCH PROTECTIONS,
O.H.R. DIRECTOR DR. JERRY A MENIKOFF,
U.S. DEPARTMENT OF HUMAN RESEARCH PROTECTIONS,
SECRETAY EXAVIER BECERRA, HHS, IN HIS OFFICIAL CAPACITY
U.S. DEPARTMENT OF HOMELAND SECURITY,
D.H.S. SECRETARY ALEJANDRO MAYORKAS,
U.S. DEPARTMENT OF AGRICULTURE,
D.O.A .SECRETARY THOMAS J. VILSACK,
U.S. DEPARTMENT OF ENERGY,
D.O.E. SECRETARY JENNIFER M. GRANHOLM,
NATIONAL AERONAUTICS AND SPACE ADMINISTRATION,
NASA ADMINISTRATOR BILL NELSON,
U.S. DEPARTMENT OF COMMERCE,
D.O.C. SECRETARY GINA RAIMONDO,
SOCIAL SECURITY ADMINISTRATION,
SSA ACTING COMMISSIONER DR. KILOLO KIJAKAZI,
U.S. AGENCY FOR INTERNATIONAL DEVELOPMENT,
U.S. AID ADMINISTRATOR SAMANTHA POWER,
U.S. DEPARTMENT OF HOUSING AN URBAN DEVELOPMENT,
HUD SECRETARTY  MARSHA L. FUDGE,
U.S. DEPARTMENT OF LABOR,
DOL SECRETARY MARTIN J. WALSH,
U.S. DEPARTMENT OF DEFENSE,
DOD SECRETARY, LLOYD J. AUSTIN, III,
U.S. DEPARTMENT OF EDUCATION
DOE SECRETARY DR. MIGUEL COARDONA,
U.S. DEPARTMENT OF VETERAN AFFAIRS,
DVA SECRETARY DENIS R. MCCONOUGH,
ENVIRONMENTAL PROTECTION AGENCY,**

1

**EPA ADMINISTRATOR MICHAEL S. REGAN,
NATIONAL SCIENCE FOUNDATION,
NSF DIRECTOR DR. SETHURAMAN PANCHANATHAN,
U.S. DEPARTMENT OF TRANSPORATION,
DOT SECRETARY PETE BUTTIEGIEG,
FEDERAL COMMUNICATION COMMISSION, and
COMMISSIONER JESSICA ROSENWORCEL                      DEFENDANTS**

## REPORT AND RECOMMENDATION

On April 27, 2023, the plaintiff, Joy Mack, personally appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine if there exists a justiciable basis for her claims.

The plaintiff filed her complaint against United States of America on January 20, 2023. She testified before the court at the Spears hearing and requested that the court allow her to file an amended complaint before issuing its report and recommendation. Mack filed her amended complaint on May 2, 2023. Mack named only the United States of America as the defendant in her original complaint. In her amended complaint she has apparently tried to include most of the executive agencies in the federal government.

Mack's complaint cites to a veritable thicket of federal regulations and statutes and miscellaneous documents addressing the need to and the necessity of obtaining informed consent from human subjects for medical experimentation. Mack alleges she is, and for decades, has been the victim of non-consensual human research, harassment, retaliation, and surveillance by the United States government. Mack says this is because of her political speech, politics, and past community activism. Mack alleges the government has placed her on their "blacklist, Watch List, Kill List and Non-Consensual Research and Database." She and others "have been put on surveillance without their authorization or consent through the use of electromagnetic signals, or

2

electronic devices, or physical means or any other directed-energy, tracking; alleged non-lethal weapon (slow kill) or technology upon their human body for the purposes of harassment, retaliation, and surveillance of their daily liberties." Dkt. 8, p. 13. The plaintiff also alleges she and others are the victims of human research "involving physical interventions — including electromagnetic signals, electronic devices, frequencies, pulsating radar, radio locators; physical means, tracking, or other directed energy, alleged non-lethal weapon (slow kill) or technologies — upon the physical human body." Dkt 8. P. 14.

The bulk of Mack's factual allegations are contained in an affidavit to the complaint which largely repeats her testimony at the hearing. Mack says she has been placed in the government's "retaliatory take down program of trauma-based conditioning to control [her] behavior and chill [her] speech." She believes she has been subjected to "brain/head assaults" beginning in 2008 resulting in crackling noises in her head, sharp electrical type currents in her head, severe dizziness, and loss of consciousness.

Mack reports multiple hospitalizations over the years, largely in Florida. She describes headaches, pulsing pressure in the head and a sensation that something is squeezing her brain. She says she has scarring on her lungs because of two different exposures to gas in two different rental units, one in Starkville, Mississippi, that was filled with gas fumes when she arrived home, and another in Columbus, Mississippi that was a result of a "surreptitious entry."

Mack also believes she was implanted with technology at Memorial Regional Hospital in Hollywood, Florida. She reports a nurse, who did not work on the floor, gave her cranberry juice and insisted on adding ice to the already cool drink. She claims she then lost consciousness, awaking at 4:00 a.m. with severe head pain. She was treated with aspirin and discharged two

3

days later. Her hairdresser, who saw her a day after her release, was alarmed to find a hematoma above her hairline.

Mack attached a photocopy of an x-ray she says was taken in May 2015 to her amended complaint. Mack says it shows two possible devices on the underside of the shoulder and ribs. But Mack also has admitted that multiple physicians attributed what Mack sees as an implanted device to an artifact or something on her gown. These physicians, per Mack, have advised her there is nothing on the x-ray that is cause for concern. Mack believes her physicians are part of the conspiracy against her and are covering up what is being done to her. Mack believes she has been drugged at some facilities and that her doctors are keeping two sets of records on her.

Mack also attached a diagram prepared for her by a private investigator. The body outline has dots added at multiple points on her body, which the investigator told her were the points where various radio frequencies were detected by some type of scan the investigator ran on Mack. The plaintiff paid $1,500.00 for this document and scan. However, this unauthenticated document, by an individual with no shown expertise, does not provide supporting evidence.

Mack believes that a lump in her nose, which she suspected was an implanted device, was removed in December 2019 at Baptist Hospital, in Memphis, Tennessee. She noticed the lump was missing after surgery and she was alarmed because three different people introduced themselves as anesthesia providers. Her suspicions also were raised because these providers used a piece of "extremely large equipment" which had "numerous dials, knobs for analyzer of frequencies detection; spectrum, sonar type detection and detection of technologies."

Mack states she observed a law librarian in Florida speaking with someone. Thirty minutes later she experienced severe pain and "an assault to" her heart. Another time at a Burger King, Mack observed a vehicle in the handicapped parking space that lacked the proper decal. As

she pulled up to the speaker to place her order, "I felt three severe painful assault of Directed Energy hit my heart." Convinced her assailant was in the illegally parked vehicle, she left. Mack did not report the "no touch" assaults because actions against her become worse when she calls the police.

The plaintiff's testimony at the hearing was largely the same as outlined in her affidavit. She testified to her belief that some federal government agencies, aided by state and local authorities, are responsible for extensively intruding in her life and for the alleged implantation of devices. But Mack cannot identify who or what is connected to or responsible for the alleged actions against her. She believes that multiple health care providers have also been complicit in the government's harassment of her, but she admits she has rejected her doctor's assurances about artifacts on x-rays and their repeated attempts to direct her attentions to her diagnosed heart conditions. She believes her body is being continuously monitored by the government, though she cannot articulate what would motivate the government to do so.

The plaintiff presented as a pleasant and sincere witness, but the story she told of a shadowy, massive conspiracy, spanning multiple decades, and states, is nevertheless simply not plausible. The undersigned must recommend that the complaint be dismissed. Neither in her original or amended complaints with attached exhibits nor in her testimony, has Mack presented plausible claims. Mack claims to have been monitored, harmed, and subjected to medical procedures to implant and remove monitoring devices over multiple decades and states. While the plaintiff apparently has a history of health problems, which no doubt cause at least some of the symptoms Mack reports, she is unable to provide any factual support to give substance to the shadowy, malign government conspiracy she believes has bedeviled her life.

5

The undersigned finds Mack's case fits into the mold of other cases dismissed as fanciful and implausible. In *Lawrie v. Lemoore Air Force Base*, No. 1: 12:cv- 91, 2012 WL 2617601 at* 1 (E.D. Cal. July 5, 2012), the plaintiff alleged a chip was implanted in his brain which allowed the government to hear whatever he heard. He also thought he was being followed by secret service agents. The court dismissed the complaint as fanciful or the product of delusion. Similarly in *Baszak v. Federal Bureau of Investigation*, 816 F.Supp. 2d 66, 67-68 (DDC 2011), the plaintiff claimed he had predicted and tried to warn the FBI about the September 11 attacks. He claimed the FBI obtained this information by engaging in long-term warrantless surveillance through video and mental surveillance. The court dismissed that action as patently insubstantial, as the claims arose from allegations of "surveillance and conspiracy theories." *Id.* In *Curran v. Holder* 626 F. Supp.2d 30, 34 (D.D.C. 2009) the plaintiff believed that she was being subjected to video and electronic surveillance. She reported local bus drivers were watching her and reporting on her activities. She thought multiple problems in her life, such as computer malfunctions, bills getting lost in the mail, and plane delays were the result of this surveillance. The court dismissed these claims finding when a plaintiff offers only "'a laundry list of wrongful acts and conclusory allegations to support her theory of a conspiracy [these allegations are] insufficient to allow the case to go forward.'" *Id.* (quoting *Richards v. Duke University,* 480 F.Supp.2d 222, 233 (D.D.C. 2007)).

While the undersigned sympathizes with the plaintiff's feelings, she has, nevertheless, failed to state a plausible claim, connecting any of her problems with any acts by any of the defendants. The undersigned, therefore, recommends that this action be dismissed with prejudice.

The plaintiff is referred to 28 U.S.C. § 636 (b) (1) and Local Rule 72 (a) (3) for the appropriate procedure in the event he desires to file objections to these findings and

recommendations. Objections must be in writing and must be filed within 14 days of this date. Failure to timely file objections to the proposed findings and recommendations will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions that are accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

    This the 5th day of July, 2023.

                                                /s/ David A. Sanders
                                                U.S. MAGISTRATE JUDGE