IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JOY MACK**                                                                                               **PLAINTIFF**

**V.**                                                       **CIVIL ACTION NO. 1:23-CV-13-GHD-DAS**

**UNITED STATES OF AMERICA, et al.**                                  **DEFENDANTS**

## ORDER DENYING MOTION TO SEAL

The plaintiff filed a complaint on January 20, 2023 alleging that she was the subject of non-consensual testing and surveillance by the United States government. The court conducted a *Spears* hearing on April 27, 2023, and at that hearing allowed the plaintiff time to file an amended complaint. She responded by adding numerous executive agencies of the United States Government as defendants. On July 7, 2023, this judge entered his report and recommendation that the complaint be dismissed because it was not plausible. On September 13, 2023, the court rejected the plaintiff's objections and adopted the report and recommendation, and the action was dismissed with prejudice. Next, the plaintiff filed a notice of appeal. While the complaint and other documents submitted to the court in connection with the action contain some medical records and reference other medical information, Mack did not request that the court restrict access to these documents until filing the present motion on December 20, 2023.

## Applicable Law

Fundamentally "[j]udicial records belong to the American people; they are public, not private, documents." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). Therefore, "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597-98 (1978). The Fifth Circuit Court of Appeals requires "a working

presumption … that judicial records should not be sealed." *June Med. Servs., L.L.C., v. Phillips,* 22 F.4th 512, 521 (5th Cir. 2022). The courts should exercise their discretion to seal judicial records "charily." *S.E.C. v. Van Waeyenberghe,* 990 F.2d 845 (5th Cir. 1993). A court considering the sealing of such records abuses its discretion if it "ma[kes] no mention of the presumption in favor of the public's access to judicial records" and fails to "articulate any reasons that would support sealing." *Binh Hoa Le,* 990 F.3d at 419 (5th Cir. 2021) (quoting *Van Waeyenberghe*, 990 F.2d at 849)).

Understanding this, however, it is important to note that the public right to access is not absolute. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598. The courts must balance the public's common law right of access against the private interests favoring nondisclosure. Admittedly medical records are the type of information that courts will seal or restrict from public access. *Gay v Cobb County Georgia,* 2019 WL 5530893 (N.D. Ga. Oct 25, 2019). Because they always contain substantial medical records, the administrative transcripts in Social Security actions, while not sealed, are not accessible online through the court's electronic case management system. But Mack's records have been on the court's docket for months because the plaintiff did not request any restriction. Whatever claim might have prevailed before, Mack has waived her interests in sealing or redacting the records on the court's docket by her failure to make a timely application. These records have been publicly available for an extended time.

Furthermore, while this case has not generated any general public interest to the court's knowledge, there is still a public interest in the records being available. The court dismissed this

action at the onset as without merit.  The records, which the plaintiff freely put in the court record without restriction, help to explain and support the court's reasoning for its decision.

**IT IS THEREFORE, ORDERED** that the motion to restrict access is denied.

**SO ORDERED** this the 3rd day of January, 2024.


                                                        **/s/ David A. Sanders**
                                                        **UNITED STATES MAGISTRATE JUDGE**